# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| IFEANYI AGWU<br>   96 Ukaegbu Rd, Ogbor Hill<br>   Aba, Abia State, Nigeria<br><br>Plaintiff(s)<br><br>v.<br><br>ANTONY J. BLINKEN, in his official capacity, Secretary, U.S. Department of State;<br>RENA BITTER, in her official capacity, Assistant Secretary, Bureau of Consular Affairs;<br>DAVID GREENE, in his official capacity, Chargé d'Affaires, United States Embassy, Lagos, Nigeria,<br>JOHN DOE, in his official capacity, United States Embassy, Lagos, Nigeria<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br><br>Defendant(s). | Civil Action No 1:23-cv-1760 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

**INTRODUCTION**

COMES NOW IFEANYI AGWU (hereinafter "Plaintiff AGWU" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff AGWU's Immigrant Visa Application (hereinafter "Application") within a reasonable period of time. As a result of the Defendants' unreasonable delay, Plaintiff AGWU has been forced to live without his family for an unreasonably long time.

2. Plaintiff AGWU's Application has been pending for over a total of six years and ten months (over 82 months or 2506 days) since Plaintiff's approved Form I-130 was sent to the National Visa Center. On January 29, 2018, Plaintiff AGWU was informed that his case is documentarily complete, and it has now been over five years and four months (over 64 months or 1964 days) since his case was deemed to be documentarily complete, without any action by the National Visa Center (NVC) and the United States Embassy in Lagos, Nigeria. The Embassy has failed to adjudicate Plaintiff's case even though Plaintiff's case has been documentarily complete for over five years and four months (over 64 months or 1964 days) and Plaintiff AGWU was scheduled for an interview on April 10, 2018.

3. A complete and final adjudication of Plaintiff's visa Application is both a required and necessary step for Plaintiff AGWU if he is to come to the United States. The U.S. Embassy cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff AGWU's Application as the NVC is currently processing cases that have been filed as recently as March 20, 2023, and furthermore, much of the delay in the adjudication of Plaintiff's case predates the onset of the COVID-19 pandemic. As such COVID-19 related issues do not prevent the issuance of a decision in this matter.

4. Plaintiff has a clear right to the adjudication of his Application in a timely manner. The final adjudication of this Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

5. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

6. Plaintiff IFEANYI AGWU is a citizen of Nigeria and the beneficiary of an approved I-130 (Receipt #WAC-10-090-11643) by virtue of his relationship to his U.S. citizen mother, Obucha Bassey. Plaintiff AGWU is also the immigrant visa applicant in this matter.

7. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies  This action is filed against him in his official capacity.

8. Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs. As Assistant Secretary, she is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against her in her official capacity.

9. Defendant DAVID GREENE is the Chargé d'Affaires of the United States Embassy in Lagos, Nigeria. He is the principal officer in charge of the Embassy. This action is filed against him in his official capacity.

10. Defendant JOHN DOE is a Consular Officer at the United States Embassy in Lagos, Nigeria. This action is filed against him in his official capacity

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

13. The Plaintiff has repeatedly requested the Defendants to take action on his Application. Furthermore, Plaintiff has initiated inquiries with the NVC's Visa Service Desk without any resolution. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied the NVC with all the required documents establishing his eligibility to receive an immigrant visa to come to the United States as a permanent resident.

14. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

15. On August 5, 2016, Plaintiff AGWU's approved I-130 Petition, based on his relationship to his U.S. citizen mother, Obucha Bassey, was sent to the National Visa Center. **[EXHIBIT A].**

16. Plaintiff AGWU's case has been documentarily complete since January 29, 2018. NVC acknowledged Plaintiff's case as being documentarily complete on the said date. [NVC CASE# LGS2012631025]. **[EXHIBIT B].**

17. Over the past five years and four months (over 64 months or 1963 days) , Plaintiff has made numerous requests with the Embassy to have his Application adjudicated by the United States Embassy in Lagos, Nigeria.

18. Plaintiff's inquiries have not resulted in any meaningful responses.

19. On April 10, 2018, Plaintiff AGWU was required to appear at the U.S. Embassy in Lagos Nigeria, for his immigrant visa interview. **[EXHIBIT C].**

20. Plaintiff AGWU's Application remains unadjudicated, pending further administrative processing with the Embassy for over a total of five years and two months (over 62 months or 1893 days) since he completed his immigrant visa interview. Without judicial action Plaintiff's case is likely to continue in this status for months or even years.

21. The Department of State, the National Visa Center and the U.S. Embassy in Lagos, Nigeria, refuse to allege an average processing time for Immigrant Visa Applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over five years and four months (over 64 months or 1964 days) since his case was determined to be documentarily complete, and for over five years and two months (over 62 months or 1892 days) since he completed his interview.

22. Plaintiff and his U.S. citizen mother have endured significant financial, emotional, and familial hardships as a result of the unreasonable period of time that Plaintiff AGWU's Application has been pending.

23. Plaintiff's U.S. citizen mother, while going through this immigration process, has been forced to live without her son for over a total of six years and ten months (over 82 months or 2506 days) and has been deprived of the right to have her son join her in the United States as a permanent resident.

# VIOLATION OF THE APA

24. All prior paragraphs are re-alleged as if fully stated herein.

25. Plaintiff has a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

26. Defendants have a duty to adjudicate Plaintiff AGWU's Application within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

27. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

28. No other adequate remedy is available to Plaintiff.

29. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

30. Given the Defendants' lack of a sufficient reason for not adjudicating Plaintiff AGWU's Application for over five years and four months (over 64 months or 1964 days), Plaintiff AGWU's Application has been pending for an unreasonably long period of time.

31. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

32. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff AGWU's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff AGWU's case.

33. Defendants' delay in this case is, as a matter of law, arbitrary and in violation of Plaintiff's and his U.S. citizen mother's due process rights pertaining to their familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused

to adjudicate Plaintiff AGWU's Application, thereby depriving Plaintiff of the rights to which he is entitled.

34. In addition, as a result of this delay, Plaintiff has incurred enormous costs and now significant attorney's fees; in effect, his life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff AGWU's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Applications immediately.

3. That the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: June 16, 2023                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s Sadaf F. Ahmed
　　　　　　　　　　　　　　　　　　　　**Sadaf F. Ahmed, Esq. (IN0013)**
　　　　　　　　　　　　　　　　　　　　**JEELANI LAW FIRM, PLC**
　　　　　　　　　　　　　　　　　　　　**9511 Angola Court**
　　　　　　　　　　　　　　　　　　　　**Indianapolis, IN 46268**
　　　　　　　　　　　　　　　　　　　　**sadaf@jeelani-law.com**
　　　　　　　　　　　　　　　　　　　　**Phone:(312) 767-9030**
　　　　　　　　　　　　　　　　　　　　**Fax:(312) 767-9030**
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*